IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STEVEN CAMPBELL,
    Petitioner,

vs.                                        Case No. 5:11cv24/RS/EMT

KENNETH S. TUCKER,[1]
    Respondent.
_____/

## ORDER, REPORT AND RECOMMENDATION

        This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 13). Petitioner was provided an opportunity to respond to the motion, but he declined to do so (*see* doc. 14).

        This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.    BACKGROUND AND PROCEDURAL HISTORY

        The procedural background of this case is established by the state court record (doc. 13, Exhibits).[2] In January of 2006, Petitioner was charged in the Circuit Court in and for Washington County, Florida, Case No. 2006-CF-0003, with one count of aggravated assault with a deadly weapon (Ex. A at 1). Pursuant to a written plea agreement (*id.* at 2–3), he was adjudicated guilty and sentenced on March 13, 2006, to five (5) years of probation (Ex. PD-1, Ex. A at 4–5). On July 10, 2006, a probation violation report was filed (Ex. A at 6–7). Pursuant to a written plea agreement (*id.* at 8), Petitioner was adjudicated guilty of the violation and sentenced on November 7, 2006, to five (5) years of imprisonment, with pre-sentence credit of 224 days, to run concurrently with his

---

[1] Kenneth S. Tucker succeeded Edwin G. Buss as Secretary for the Department of Corrections, and is automatically substituted as Respondent. *See* Fed. R. Civ. P. 25(d).

[2] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's answer (doc. 13). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

sentence in Case Nos. 2006-CF-0129 and 2006-CF-0189 (Ex. PD-1, Ex. A at 9–11, Ex. G). The order revoking probation was rendered November 20, 2006 (Ex. PD-1).

In May of 2006, Petitioner was charged in Case No. 2006-CF-0129, with one count of aggravated battery (Count 1) and one count of possession of marijuana (Count 2) (Ex. B at 1). Pursuant to a written plea agreement (*id.* at 4–5), he was adjudicated guilty and sentenced on November 7, 2006 (Ex. PD-2, Ex. B at 6–12, Ex. G). As to Count 1, he was sentenced to a term of imprisonment of ten (10) years followed by a five-year term of probation, with pre-sentence credit of 199 days, to run concurrently with his sentence in Case No. 2006-CF-0189 (Ex. B at 6–12, Ex. G). As to Count 2, he was sentenced to imprisonment in the county jail for six (6) months and eighteen (18) days, with pre-sentence credit of 199 days, to run concurrently with his sentence on Count 1 and his sentence in Case No. 2006-CF-0189 (*id.*). The judgment, sentence, and order placing him on probation were rendered November 20, 2006 (PD-2, Ex. B at 6–7).

In July of 2006, Petitioner was charged in Case No. 2006-CF-0189, with one count of introducing contraband into a county detention facility (Ex. C at 1). Pursuant to a written plea agreement (*id.* at 4–5), he was adjudicated guilty and sentenced on November 7, 2006, to a term of imprisonment of five (5) years, with pre-sentence credit of 149 days, to run concurrently with his sentences in Case Nos. 2006-CF-0003 and 2006-CF-0129 (Ex. PD-2, Ex. C at 6–10, Ex. G).

Petitioner did not appeal any of the judgments in any of the cases (*see* doc. 13 at 2, Exs. PD-1, PD-2, PD-3).

On September 19, 2008, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. D at 1–4). Following an evidentiary hearing (*id.* at 7, Ex. E), the state circuit court denied the motion (Ex. D at 11–12). Petitioner appealed the decision to the First DCA, Case No. 1D09-2398 (*see id.* at 18). The First DCA affirmed per curiam without written opinion, with the mandate issuing March 19, 2010 (Exs. H, I). Campbell v. State, 29 So. 3d 293 (Fla. 1st DCA 2010) (Table).

Petitioner filed the instant habeas action on January 25, 2011 (doc. 1 at 1).

II    ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

 Respondent contends the appropriate statutory trigger for the federal limitations period in this case is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct appeal (doc. 13 at 3–4). The latest rendered judgment and sentence in Petitioner's cases was the judgment in Case No 2006-CF-0129, rendered November 20, 2006 (PD-2, Ex. B at 6–7). That judgment became final thirty (30) days later, on December 21, 2006.[3] *See* Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date his 30-day right to appeal expired); Hampton v. State, 837 So. 2d 611 (Fla. 5th DCA 2003 (when defendant did not directly appeal his conviction, the judgment and sentence became final 30 days after they were rendered); Davis v. State, 693 So. 2d 700 (Fla. 2d DCA 1997) (judgment and sentence become final when 30-day period to file notice of appeal expires); Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988) (if defendant does not appeal the conviction or sentence, judgment becomes final when the 30-day period for filing direct appeal expires).

 Although Petitioner does not expressly argue that a different statutory trigger for the federal limitation period applies, he states in his argument of Ground Two that he was unaware of the factual predicate for that claim and "just discovered it" (doc. 1 at 9).[4] In Ground Two, Petitioner contends the law enforcement officer who arrested him failed to advise him of his constitutional rights prior to conducting a custodial interrogation, in violation of the Fifth, Sixth, and Fourteenth Amendments

---

[3] According to the Florida rules governing appeal proceedings in criminal cases, Petitioner had thirty (30) days following rendition of the order imposing sentence to file a notice of appeal. In the instant case, the written order imposing the judgment and sentence was rendered on November 20, 2006. *See* Fla. R. App. P. 9.020(h) (order is rendered when signed, written order is filed with clerk of lower tribunal). The day the order was rendered is excluded from the 30-day calculation; therefore, the period for seeking an appeal began to run on November 21, 2006. *See* Fla. R. App. P. 9.420(f). Thirty (30) days from that date was December 21, 2006.

[4] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

Case No.: 5:11cv24/RS/EMT

and Miranda v. Arizona, 384 U.S. 436 (1966) (doc. 1 at 4, 7–8). Petitioner specifically argues that Deputy J. Rackard failed to read him a Miranda warning or advise him of his right to have an attorney present during questioning (*id.*). Petitioner states the record does not contain an "interview sheet" or other written form signed by Deputy Rackard and Petitioner verifying that Petitioner was advised of his rights prior to Rackard's interrogation (*id.*). In support of his claim, Petitioner attached a copy of Deputy Rackard's probable cause affidavit (*id.* at 101). In the affidavit, Deputy Rackard states he arrested Petitioner on December 28, 2005, and in a "post Miranda" interview, Petitioner admitted he became involved in an altercation with the victim and pulled a knife on the victim, for which Petitioner was charged with aggravated assault in Case No. 2006-CF-0003 (*id.* at 101; doc. 13, Ex. A at 1).

On the day Petitioner was arrested and interrogated by Deputy Rackard, that is, December 28, 2005, Petitioner was certainly aware that Rackard had failed to give him a Miranda advisory. Therefore, the factual predicate of Ground Two was discoverable on that date. That date was prior to the date Petitioner's convictions became final, on December 21, 2006. Section 2244(d)(1) requires the court to choose the latest of the two dates. 28 U.S.C. § 2244(d)(1)(A), (D). Therefore, the undersigned concludes the federal limitation period began to run on December 21, 2006.

Petitioner had one year from that date, or until December 21, 2007, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). In the instant case, Petitioner's post-conviction application did not toll the federal limitations period, because it was filed several months after the one-year limitations period expired. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). Therefore, Petitioner's federal petition, filed on January 25, 2011, was untimely.

Petitioner has not shown that any other tolling principles apply, or that he is entitled to federal review under any other exception to the time bar. Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

III.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

The clerk of court is directed to change the docket to reflect that Kenneth S. Tucker is substituted for Edward G. Buss as Respondent.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That Respondent's motion to dismiss (doc. 13) be **GRANTED**.

2.    That the petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.

3.    That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 31st day of August 2011.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**